CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 13 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHARLES E. BOYLES, JR., #303481, ) | |
|     Petitioner, ) | Civil Action No. 7:05-cv-00075 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |

    Petitioner Charles E. Boyles, Jr., proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. In his petition, Boyles challenges the validity of his confinement under his 2001 conviction and sentence from the Circuit Court of Orange County for sexual battery. The court sentenced Boyles to twenty years, with ten years suspended. The respondent has filed a motion to dismiss Boyles' petition as untimely filed, pursuant to 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).[1] The court notified the petitioner of the respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned plaintiff that judgment might be granted for the respondent if petitioner did not respond to the motion by filing affidavits or other documents contradicting or otherwise explaining respondent's evidence and argument. Petitioner responded,[2] making this action ripe for the court's consideration. Upon review of the record, including state court records received from the Circuit Court of Orange County and the Supreme Court of Virginia, the court finds that the petition must be dismissed as untimely.

I.

    Boyles entered an Alford plea to the charge of sexual battery. The Circuit Court for Orange County entered final judgment against him on October 5, 2001. He did not appeal,

---

[1] Boyles erroneously asserts that the court's initial filing order in this case required the respondent to answer all claims in the petition. In fact, the order noted that the petition appeared to be untimely and indicated that the respondent could make this argument and provide supporting state court records.

[2] Petitioner filed several amendments and responses, all of which the court has considered in reaching its decision to dismiss the petition. See Dkt. Nos. 21, 40, 47, and 52.

1

although he now alleges that he asked his attorney to file a notice of appeal. He then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on August 23, 2002, which that court dismissed on March 24, 2003. Boyles signed and dated his federal habeas petition on December 29, 2004.

II.

Pursuant to 28 U.S.C. § 2244(d), "a person in custody pursuant to the judgment of a state court" has one year to file a §2254 petition. Section §2244(d)(1) reads:

> The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> ( C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings related to the conviction under challenge in the federal petition. §2244(d)(2). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

The state court records provided to the court clearly indicate that Boyles did not timely file his federal habeas conviction under §2244(d)(1)(A). Under Subsection A, the court calculates the limitations period, based on the date when petitioner's conviction became final— when petitioner has exhausted, or foregone, available opportunities to pursue direct appeal. See United States v. Clay, 537 U.S. 522 (2003). Boyles' conviction became final on November 5, 2001, thirty days after judgment when his opportunity to appeal expired. See Rule 5A:6, Rules

of the Supreme Court of Virginia. On this date, his federal habeas clock started ticking. Boyles tolled the running of the limitation period on August 23, 2002, when he filed his state habeas petition in the Supreme Court of Virginia; approximately 291 days of the year had already elapsed. Once the Supreme Court of Virginia dismissed his habeas petition on March 24, 2003, Boyles had 74 days (until June 6, 2003) in which to file a timely federal petition. Boyles signed and dated his petition on December 29, 2004. Even considering this date as the date of filing, pursuant to Houston v. Lack, 487 U.S. 266 (1989), the petition is untimely under §2254(d)(1)(A).

### III.

Boyles argues several grounds on which he believes the court should deem his petition timely filed. First, he argues that state-created impediments should trigger application of §2244(d)(1)(B) in calculating his filing period. Boyles asserts that the trial court's failure to rule on two pro se, post-trial motions constitutes an on-going "impediment."[3] Boyles fails to demonstrate, however, that the continued pendency of his post-trial motions extended his opportunity under state law to pursue a direct appeal such that his conviction never became final for purposes of §2244(d)(1)(A). By rejecting Boyles' related arguments in state habeas proceedings, the Supreme Court of Virginia implicitly ruled that Boyles failed to perfect an appeal properly under state law. This court cannot second-guess the determination of state law by the highest court of the Commonwealth. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (highest state court's determination of state law question is binding on federal reviewing court).

Second, Boyles asserts that his limited access to legal materials for several months in 2001 and 2002, while he was incarcerated at a local jail and then at Powhatan Correctional Center, constituted an impediment under §2244(d)(1)(B). It is undisputed, however, that during Boyles' stay at Powhatan, he did not file any written requests or grievances about access to legal

---

[3]On October 22, 2001, the circuit court received Boyles' pro se motion styled "Petition or Motion for Sentence Reduction Appeal and Appointed Now Council [sic] on Appeal." The text of this motion begins: "I Charles Boyles on my own behalf am requesting to submit an appeal of Case #CR01000038."

3

materials or ask to meet with the institutional attorney assigned to help inmates with legal matters relating to their incarceration. Moreover, Boyles fails to demonstrate that conditions or policies at the local jail or Powhatan prevented him from filing a habeas petition and then moving the court for assistance in obtaining access to legal materials. Thus, Boyles fails to demonstrate any fact or circumstance triggering §2244(d)(1)(B).

Third, Boyles argues that his federal habeas deadline must be calculated under §2244(d)(1)( C) because he raises a claim under the principles in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (June 24, 2004) that the trial court enhanced his sentence based on facts not found by a jury. This argument fails for several reasons. Boyles could have raised a <u>Blakely</u>-type argument at his 2001 sentencing, relying on the Supreme Court's earlier decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). His failure to do so constitutes a procedural default that bars him from raising the claims now. Moreover, because Virginia's sentencing guidelines leave the maximum sentence to the discretion of the judge within the statutory range, see <u>Jett v. Commonwealth</u>, 540 S.E.2d 511 (2001), <u>Blakely/Apprendi</u> principles do not invalidate a sentence in excess of Virginia's sentencing guidelines. Furthermore, the Supreme Court has determined that <u>Apprendi</u> does not apply retroactively to cases on collateral review. See <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519 (June 24, 2004). <u>See also</u> <u>Lilly v. United States</u>, 342 F. Supp. 2d 532 (W.D.Va. 2004) (holding that <u>Blakely</u> does not apply retroactively to cases on collateral review). As such, the <u>Blakely/Apprendi</u> decisions cannot trigger calculation of Boyles' habeas time clock under §2244(d)(1)( C).

IV.

Fourth, Boyles asks the court to toll the federal limitations period for equitable reasons. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." <u>Harris</u>, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that

4

some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

Boyles alleges several "extraordinary" circumstances on which he believes the court should equitably toll the habeas clock: (1) counsel failed to provide Boyles with a copy of his file until July 2005; (2) trial counsel conspired with the prosecution in allowing the creation of a second set of sentencing guidelines, doubling Boyles' guideline range in violation of the Ex Post Facto Clause, an error the state court failed to correct; (3) trial counsel abandoned Boyles after sentencing and failed to file a notice of appeal on his behalf; and (4) the trial court failed to construe Boyles' pro-se, post-trial motions liberally as a timely notice of appeal and failed to appoint counsel to assist him in filing a timely notice of appeal. None of these circumstances is sufficient to invoke equitable tolling. Boyles managed to file a timely state habeas petition in August 2003 (and his federal petition in December 2004), allegedly without a full copy of his attorney's file;[4] he fails to explain why delay in receiving the file prevented timely filing of the federal petition. The alleged "voidness" of the state court's habeas decision on the Ex Post Facto issue had no effect whatsoever on Boyles' ability to make his Ex Post Facto argument to the federal court on time. Boyles himself presents exhibits demonstrating that counsel did not abandon him, and he never alleges that he communicated to counsel his desire to appeal.[5]

---

[4]Boyles indicates in his pleadings that he first received documents from counsel's file in July 2005.

[5]It is undisputed that on October 17, 2001, Boyles received a letter from counsel, informing him that final judgment had entered on October 5, 2001. The letter also informed Boyles that counsel saw no grounds for an appeal, but would work with Boyles in seeking court appointment of new counsel to assist Boyles if he wanted to appeal and that Boyles had 30 days to note an appeal. Boyles claims that he tried to call counsel before the appeal period ended to request assistance with an appeal; however, he does not indicate that during the appeal period, he verbally informed counsel, or that he attempted to notify counsel in writing, that he wished to appeal and to have new counsel for an appeal.

5

Finally, as stated, this court is bound by the Supreme Court of Virginia's habeas ruling that Boyles' pro se motions did not properly perfect an appeal under state law. In any event, none of Boyles' equitable tolling arguments explains why he waited eighteen months after dismissal of his state habeas petition (March 24, 2003, to December 29, 2004). As Boyles fails to demonstrate that equitable tolling is warranted in this case, the court must dismiss his petition as untimely filed, pursuant to §2244(d)(1). An appropriate order shall be entered this day. Because the court dismisses the petition as untimely based on the existing record and Boyles' own allegations, the court will not address Boyles' claims on the merits and denies his renewed requests for appointment of counsel and for discovery.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253( C). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of September, 2005.

Senior United States District Judge